# IN THE COURT OF APPEALS OF IOWA

_____

No. 25-0675
Filed July 22, 2026

_____

**Joseph David Peterson,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

_____

Appeal from the Iowa District Court for Webster County,
The Honorable Christopher C. Polking, Judge.

_____

**AFFIRMED**

_____

Denise M. Gonyea of McKelvie Law Office, Grinnell, attorney for
appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

_____

Considered without oral argument
by Tabor, C.J., Langholz, J., and Bower, S.J.
Opinion by Tabor, C.J.

**TABOR, Chief Judge.**

Joseph Peterson confessed to sexually abusing his eight-year-old daughter. At trial, he recanted, claiming he lied to police to "protect" his family. But his daughter testified that when they were undressed, Peterson would touch his "front butt" against her "front butt."[1] It happened "a lot." After assessing credibility, the jury returned guilty verdicts on two counts of second-degree sexual abuse. The district court imposed a term of imprisonment not to exceed twenty-five years for each count.

On direct appeal, our court rejected his claim of insufficient evidence, affirming his convictions. *State v. Peterson*, No. 20-0169, 2021 WL 5918406, at *2 (Iowa Ct. App. Dec. 15, 2021). One year later, he applied for postconviction relief, alleging he received substandard representation from trial and appellate counsel.

After a hearing, the district court rejected Peterson's twenty claims of ineffective assistance of counsel.[2] In a detailed and well-researched order spanning fifty pages, the court decided that Peterson did not meet the standard for proving that his counsel failed in an essential duty and that prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 689–90 (1984).

On appeal, Peterson reprises seven claims—including subparts—of ineffective assistance based on his trial counsel not objecting to alleged

---

[1] The daughter explained that by "front butt" she meant where "he pees from" but that she saw something come out of his penis that Peterson said was "not pee."

[2] The first allegation was ineffective assistance of trial counsel for failing to object to prosecutorial misconduct. Peterson pointed to roughly sixteen instances where he believed counsel should have objected to actions by the prosecutor. Examples include the prosecutor's references to Peterson's jail status and emotional appeals in closing arguments.

prosecutorial misconduct. He also contends that trial counsel was ineffective for not moving to suppress his admissions to law enforcement, not objecting to photographic evidence, and failing to move for a mistrial. Finally, Peterson argues cumulative error.

For each issue, Peterson maintains that the district court should have found that he suffered prejudice because of counsel's errors. The State counters that its case against Peterson was "so strong" nothing in the record suggests that the jurors based their verdicts on anything other than the evidence. *See Strickland*, 466 U.S. at 694.

We review de novo postconviction claims of ineffective assistance of counsel. *Trane v. State*, 16 N.W.3d 683, 692 (Iowa 2025). After a complete review of the record, we reach the same conclusions as the district court. Even where defense counsel may have had a duty to object, Peterson cannot show that he suffered prejudice. *See State v. Carey*, 709 N.W.2d 547, 559 (Iowa 2006) ("The most important factor under the test for prejudice is the strength of the State's case."). We share this apt observation from the order denying relief.

> Defense counsel was in the unenviable position of having to try and explain away a convincing and emotionally fraught confession by the defendant that was corroborated in key parts by the testimony of the victim, and the victim's statements to a medical provider. The reasonableness of the course taken and the trial strategy used must be viewed in the light of the strong evidence against the defendant, and the nearly impossible situation that was created by his confession.

Because the district court's opinion identifies and carefully considers all issues that Peterson presented, and we approve of its analysis, we affirm

by memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d). In our view, a full opinion would not enhance existing law. Iowa Ct. R. 21.26(1)(e).

**AFFIRMED.**